UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| REBECCA S. CRAPPELL, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF HER DECEASED HUSBAND, KENT ADAM CRAPPELL | CIVIL ACTION NO. 06-1315 C/W 06-1994 |
| VERSUS | |
| BOH BROS. CONSTRUCTION CO. LLC, AND STANDARD CONCRETE PRODUCTS, INC. | SECTION "A" MAG. 1 (GTP) |

### ORDER AND REASONS

Before the Court is the Defendant Standard Concrete Products Inc.'s Motion for New Trial. Standard Concrete claims that the Court erred in finding sufficient contacts with the State of Louisiana related to the incident in question to warrant the exercise of personal jurisdiction. In addition, Standard Concrete contends that the Court erred in denying its Motion to Transfer.

### I.     BACKGROUND

This case arises out of the injury and death of Kent Adam Crappell, sustained while employed by Boh Bros. Construction Co. Mr. Crappell was killed while engaging in pile driving operations aboard a crane barge constructing the Sanibel Causeway, in or around Ft. Meyers, Florida. Rebecca Crappell, the deceased's wife brought this action on behalf of herself and her

husband alleging that the defendant Standard Concrete Products, Inc. manufactured and supplied pre-cast concrete piles, used in the construction of the bridge, pursuant to a contract between Standard Concrete Products and Boh Bros. Crappell claims that Standard Concrete was negligent in failing to construct the rebar anchors to a safe depth into the splice plates, and in failing to follow the plans and specifications for the construction of the concrete piles, and other non-exclusive theories of negligence. Two purported children of Mr. Crappell, Kimberly Juwon Crappell and Angela Crappell Herbert, also filed suit and have been joined as plaintiffs in this proceeding.

Boh Bros also brought a cross-claim against Standard Concrete, a Georgia corporation, pursuant to its contract and upon the theory that the pile supplied, upon which Mr. Crappell was working during the incident was defective and that Standard Concrete was the sole and proximate cause of the incident. Boh Brothers also relies on the contract language mandating that Standard Concrete deliver its products free of defect and suitable for its intended purpose, as well as the contract provisions providing defense and indemnity.

On September 7, 2006, Standard Concrete filed a motion to dismiss for lack of personal jurisdiction and, alternatively, a motion to transfer to the Middle District of Florida, Ft. Meyers division. Standard Concrete argued that specific jurisdiction does not exist in the case because there is "not a single contact with Louisiana in this matter sufficient to warrant the exercise of specific jurisdiction." [Rec. Doc. 23-2, p. 5]. Standard Concrete also argued that it has not engaged in "continuous and systemic" activities with the state of Louisiana sufficient to warrant the exercise of general jurisdiction in this case.

The Court held oral argument on November 1, 2006.  The Court denied both Standard Concrete's motion to dismiss for lack of personal jurisdiction, finding that sufficient contacts existed to warrant the exercise of personal jurisdiction, as well as the motion to transfer. [Rec. Doc. No. 33].  On November 15, 2006, Standard Concrete filed this motion for a new trial. [Rec. Doc. No. 34].

## II.     LAW

### A.     Rule 59 Motion to Alter or Amend

Under Rule 59 of the Federal Rules of Civil Procedure, a district court enjoys considerable discretion in granting or denying a motion for reconsideration.  See First Commonwealth Corp. v. Hibernia Nat. Bank of New Orleans, 891 F.Supp. 290 (E.D.La. 1995), amended 896 F.Supp. 634, affirmed 85 F.3d 622.  There are three grounds upon which a court may grant a Rule 59 motion for reconsideration to alter or amend the judgment: (1) intervening change in the controlling law has occurred, (2) evidence not previously available becomes available, or (3) it is necessary to correct clear error of law or prevent manifest injustice. Database America, Inc. v. Bellsouth Advertising & Pub. Corp., 825 F.Supp. 1216 (D.N.J. 1993). However, Rule 59(e) plainly states that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."  F.R.C.P. Rule 59(e).  Oral argument on the Motion to Dismiss for Lack of Personal Jurisdiction and Motion to Transfer was held on November 1, 2006 [Rec. Doc. No. 33].  Standard Concrete's Motion for a New Trial was not filed until November 15, 2006, after the deadline had elapsed.

### B.     Rule 60 Relief from Judgment or Order

The Federal Rules of Civil Procedure provide that the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. F.R.C.P. 60(b).

Rule 60(b) "must be equitably and liberally applied to achieve substantial justice." Blois v. Friday, 612 F.2d 938 (5th Cir.1980). See also, Laguna Royalty Co. v. Marsh, 350 F.2d 817, 823 (5th Cir.1965). This rule, which allows the trial court to reopen a case, is:

> most liberally applied to default judgments; its main application is to those cases in which the true merits of a case might never be considered because of technical error, or fraud or concealment by the opposing party, or the court's inability to consider fresh evidence. (Citations omitted). The purpose of the motion is to permit the trial judge to reconsider such matters so that he can correct obvious errors or injustices and so perhaps obviate the laborious process of appeal. Weighing against the grant of a 60(b) motion is the desirability of finality in judgments. This is particularly true where the reopening of a judgment could unfairly prejudice the opposing party. (Citation omitted). But even without such prejudice, the desirability of orderliness and predictability in the judicial process speaks for caution in the reopening of judgments. These are matters that are addressed to the sound discretion of the trial court, and its ruling...will be reversed on appeal only upon a showing of abuse of discretion. (Citations omitted).

Swift Chemical Co. v. Usamex Fertilizers, 490 F.Supp. 1343, 1349-1350 (E.D.La.1980), affirmed 646 F.2d 1121 (5th Cir.1981), rehearing denied 650 F.2d 282 (5th Cir.1981) (quoting Fackelman v. Bell, 564 F.2d 734, 735-36 (5th Cir.1977)).

### III.    ANALYSIS

Standard Concrete does not state whether it intended this "Motion for a New Trial" to be a Rule 59 Motion or a Rule 60 Motion.  As the deadline for moving the Court under Rule 59 expired before this motion was filed, the Court can only conclude that this is a Rule 60 Motion for Relief from Judgment or Order due to mistakes, inadvertence, excusable neglect, newly discovered evidence or fraud. F.R.C.P. Rule 60(b). Standard Concrete does not argue that there has been any newly discovered evidence, inadvertence, fraud or excusable neglect.  Standard Concrete does insinuate that there was a "mistake" made when Boh Brothers cited a brief from the case Oloarte v. Parker, 2006 WL 869949 (S.D. Tex), rather than that court's order, in its memorandum in opposition to Standard Concrete's original motion.  However, this mistake was inadvertent and was brought to the attention of the Court and to the other parties in the case before oral argument.  That case had no bearing on the Court's ruling at oral argument.

This Court has reviewed the record, the law and the memoranda submitted by the parties and finds that the defendants have failed to establish any of the aforementioned grounds for new trial or in the alternative to amend the judgment. The motion merely reiterates and reurges arguments previously made, which this Court found unpersuasive.

Accordingly,

**IT IS ORDERED** that the Motion for New Trial, filed on behalf of the Defendant,

Standard Concrete Products, Inc., be and the same is hereby **DENIED**.

New Orleans, Louisiana, this 19TH day of December, 2006.

_____
UNITED STATES DISTRICT JUDGE
JAY C. ZAINEY